IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRON C. HILL, M.D.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-757-L** |
| | § | |
| **TX-AN ANESTHESIA MANAGEMENT, LLP. M2 HEALTHCARE SERVICES, LP, and ANESTHESIA BUSINESS CONSULTANTS**, | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On April 14, 2010, Plaintiff's Original Complaint (the "Complaint") was filed. Plaintiff contends that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Based upon the allegations set forth in the Complaint, the court cannot determine whether it has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States; or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an

**Memorandum Opinion and Order - Page 1**

independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Diversity exists between the parties only if each plaintiff has a different citizenship from each defendant and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that

person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

From what the court can ascertain from the Complaint, it appears that Plaintiff and some of Defendants are citizens of the State of Texas.  If such is the case, complete diversity, as required, does not exist, and this court would lack subject matter jurisdiction to entertain this action.  Based on applicable law and the lack of specificity in the Complaint, the court cannot determine with certainty that diversity of citizenship exists between the parties.  Accordingly, the court will allow Plaintiff additional time to provide this information, and the court **directs** Plaintiff to state with specificity by declaration, affidavit, or other reliable means the citizenship of all parties as it existed at the time this action was filed on April 14, 2010.  **Plaintiff must provide this information to the court by May 21, 2010.**  Failure to provide the requested information, or providing it in such a manner that the court cannot make a determination regarding the citizenship of each party, will result in dismissal of this action without prejudice for lack of subject matter jurisdiction.

**It is so ordered** this 30th day of April, 2010.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge